**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|                                      |        |                              |
| ------------------------------------ | ------ | ---------------------------- |
| **ROBERT V. JUSTICE,**               | )      |                              |
|                                      | )      |                              |
| **Plaintiff,**                       | )      |                              |
|                                      | )      |                              |
| **v.**                               | )      | **Civil Action No. 15-622 (RDM)** |
|                                      | )      |                              |
| **JOHN A. KOSKINEN,** *et al.*,      | )      |                              |
|                                      | )      |                              |
| **Defendants.**                      | )      |                              |
|                                      | )      |                              |

_____

**<u>MEMORANDUM OPINION</u>**

On April 24, 2015, Plaintiff Robert V. Justice, acting *pro se*, filed this suit against the Commissioner of the Internal Revenue Service ("IRS") and the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") in their official capacities, seeking declaratory and injunctive relief and a tax refund of $159,487.00.  *See* Dkt. 1, ¶¶ 1, 2, 3.  On April 29, 2015, the Court denied Plaintiff's *ex parte* motion for a temporary restraining order (Dkt. 2) and granted Plaintiff's motion for an order to show cause why a preliminary injunction should not issue.  *See* Dkt. 3 (Order to Show Cause).  The Court also ordered Plaintiff to show cause why this action should not be dismissed for failure to comply with the terms of an order entered by the United States District Court for the Southern District of California in *Robert Volney; Justice v. Superior Court of San Diego County, North County Division*, Case No. CV 03-1036-J, Dkt. 69 (S.D. Cal. July 22, 2003) (hereinafter "Vexatious Litigant Order").  That order concluded that, in light of Plaintiff's "pattern of behavior . . . of burdening the courts and litigants with a deluge of frivolous filings," *id.* at 8, and his harassment of "public officials and private individuals and corporations involved with [prior] lawsuits," *id.* at 10, Plaintiff should be

"enjoined from filing any new civil actions in . . . any . . . federal court . . . without first obtaining leave of that court," *id.* at 1.

Plaintiff and Defendant United States have now filed their responses (Dkts. 5, 9).[1]  Given the nature of the issues presented for decision, the Court finds in the exercise of its discretion that the pending motions can and should be decided on the papers without hearing live testimony or oral argument.  *See* LCvR 65.1(d).  For the reasons stated below, the Court further concludes that the Vexatious Litigant Order applies to this action and that Plaintiff has failed to comply with its clear terms.  Although there is a strong policy in favor of affording *pro se* litigants access to the courts, *see In re Powell*, 851 F.2d 427, 430 (D.C. Cir. 1988), *pro se* parties, like all litigants, must comply with binding court orders.  Here, requiring compliance with the Vexatious Litigant Order will not deprive Plaintiff of access to the courts; he remains free, with leave of the court, to pursue any non-frivolous claim in accordance with the terms of the Vexatious Litigant Order, the Federal Rules of Civil Procedure, and the court's local rules.  The action is, accordingly, **DISMISSED WITHOUT PREJUDICE**, and the motion for a preliminary injunction is **DENIED AS MOOT**.

## I.  BACKGROUND

### A.  The Vexatious Litigant Order

For well over a decade, Plaintiff has been an active *pro se* litigant in the state and federal courts.  On July 22, 2003, a district court in the Southern District of California deemed Plaintiff a vexatious litigant.  *See* Vexatious Litigant Order at 1.  As that court explained, Plaintiff had been involved in multiple state court actions related to the probate of his mother's estate.  *Id.* at 8-10.

---

[1]   The United States responds "as the real party in interest and in place of the federal named defendant" the IRS Commissioner.  *See* Dkt. 9 at 1.

In the course of those actions, Plaintiff made frivolous and harassing filings, including multiple meritless requests for temporary or preliminary injunctive relief. *Id.* For example, he "brazenly attached copies of liens to the residential property of two public officials," *id.* at 10, and he brought an action in which he "alleged but did not effect personal service of process," *id.* at 9, thereby obtaining a default judgment and writ of possession, which were later vacated, *id.*

The district court determined that Plaintiff "exhibited a pattern of behavior in state court and now in federal court of burdening the courts and litigants with a deluge of frivolous filings in multiple actions." *Id.* at 8. It found that his claims were frivolous, *id.* at 10, and that his behavior evinced an "intent to harass the public officials involved in the probate case as well as the private individuals and corporations involved in carrying out the court's orders," *id.* at 10. Accordingly, it declared Plaintiff a vexatious litigant and enjoined him "from filing any new civil actions in this or any other federal court of the United States without first obtaining leave of that court pursuant to the terms of . . . this Order," *id.* at 1, 10-12. The terms of the Vexatious Litigant Order include, *inter alia*, the requirement that Plaintiff submit a sworn affidavit or declaration that his complaint raises a new issue not previously raised by Plaintiff in a state or federal court, that his claim is well-grounded in fact and law and not frivolous, and that he will comply with applicable rules in prosecuting his complaint. *Id.* at 10-12.

The Court of Appeals for the Ninth Circuit affirmed. *See Volney v. Superior Court of San Diego*, 114 Fed. App'x 944 (2004) (per curiam) (nonprecedential). It held that "[t]he district court did not abuse its discretion by entering the vexatious litigant order against [Plaintiff] because the court provided [him] notice and an opportunity to be heard before entering the order, identified numerous frivolous filings by [Plaintiff], and the district court's order is narrowly tailored to prevent infringement on [his] right of access to the courts." *Id.* at 945.

Four years later, Plaintiff filed a Rule 60(b)(5) motion seeking to dissolve the vexatious litigant order. *See* 2007 U.S. Dist. LEXIS 69289 (S.D. Cal. Sept. 19, 2007). Plaintiff argued that he had complied with the order's terms and had refrained from filing "unmeritorious motions or actions." *Id.* at *5-6. The district court denied his motion, *id.* at *10-12, citing Plaintiff's continued "litigious activities" in the California state courts, where he had similarly been declared a vexatious litigant, and his failure to disclose those activities to the district court, *see id*. The district court also observed that "the terms of the injunction do not deny Plaintiff access to the federal courts, so long as he abides by the procedures detailed in the injunction," and concluded that, since "Plaintiff asserts that he has mended his ways and will no longer file frivolous actions, Plaintiff should have no difficulty satisfying the injunction's requirements that he seek leave of the Court before filing new actions and certify that such actions are not frivolous." *Id.* at *11-12.

The Court of Appeals for the Ninth Circuit again affirmed. *See Justice v. Superior Court of Cal.*, 341 Fed. App'x 294, 295 (July 7, 2009) (per curiam) ("[Plaintiff] has not demonstrated any significant change either in factual conditions or in law, nor has he demonstrated that any changed circumstances have made his compliance substantially more onerous, unworkable because of unforeseen obstacles, detrimental to the public interest, or legally impermissible.").

**B.  The Present Action**

This action arises out of a dispute over Plaintiff's federal taxes. Plaintiff alleges that the IRS failed to pay him a refund of $159,487.00 for tax year 2011 because Plaintiff's employer, CDCR, failed to turn over $57,840.00 in payroll taxes. *See* Dkt. 2 at 4, 6. Subsequently, CDCR informed Plaintiff that the IRS sought to levy an amount totaling $116,456.54 from Plaintiff's salary for deficiencies relating to the 1999, 2001, and 2010 tax years. *See* Dkt. 2 at 4 & Ex. D (Jan. 30, 2015, letter). Pursuant to the notice of levy, CDCR allegedly withheld $15,678.85 from

4

each of Plaintiff's February and March paychecks and will continue to withhold a similar amount until the total amount due is paid. *See* Dkt. 2 at 7. According to Plaintiff, the IRS levy leaves him a monthly salary of $522.94, which he contends is insufficient to meet basic living expenses. *See* Declaration of Robert V. Justice ¶ 10 ("I need my full salary or I am on the street and this case is over before it even gets started").

On April 24, 2015, Plaintiff filed his complaint (Dkt. 1) and *Ex Parte* Application for Temporary Restraining Order and Issuance of Order to Show Cause Regarding Preliminary Injunction (Dkt. 2). Plaintiff did not notify the Court of the Vexatious Litigant Order entered in the Southern District of California or comply with its terms prior to filing the complaint.

Plaintiff seeks declaratory, injunctive, and monetary relief, including a declaration that the levy relating to the pre-2011 tax years is "illegal, invalid, void and unenforceable," Compl. ¶ 1, and an order directing the IRS to pay him a "tax refund for 2011 in the amount of $159,487.00," Compl. ¶ 2, barring the IRS "from collecting any taxes for 2011 and prior years . . . because those years have been closed out and are no longer an issue due to estoppel," Compl. ¶ 3, requiring CDCR and IRS to return the amounts levied against his salary in 2015, Compl. ¶¶ 4-6, and requiring CDCR to "immediately turnover" to the IRS the $57,840.00 in "unpaid federal payroll taxes for 2011," Compl. ¶ 8. Finally, Plaintiff seeks a temporary, preliminary and permanent injunction restraining Defendants "from collecting or attempting to collect from Plaintiff" or his employer "any part of the federal tax levy for $116,456.54 for tax years 1999, 2001, and 2010, including the tax year of 2011 and any other previous tax years prior to 2011." Compl. ¶ 7; Dkt. 2 at 2-3.

On April 29, 2015, the Court denied Plaintiff's *ex parte* motion for a temporary restraining order. *See* Dkt. 4 (Opinion); Dkt. 3 (Order to Show Cause). The Court explained that Plaintiff had failed to satisfy the high standard for obtaining *ex parte* relief, *see* Opinion at 5-8,

that he had failed to show that any of the relevant factors favored issuance of a temporary

restraining order, *see id.* at 9-13, and that the Tax Anti-Injunction Act, 26 U.S.C. § 7421, appears

to bar the injunctive relief he seeks, *see* Opinion at 8-11.  The Court nonetheless granted

Plaintiff's motion for an order to show cause why a preliminary injunction should not issue and

provided Plaintiff with an opportunity to further support his motion, but also ordered Plaintiff to

show cause why the action should not be dismissed for failure to comply with the terms of the

Vexatious Litigant Order.  *See* Opinion at 14; Order to Show Cause at 1-2.[2]  Finally, the Court

directed Plaintiff to serve copies of the Court's Order and Memorandum Opinion and Plaintiff's

supplemental filings on the defendants.  *See* Opinion at 14; Order to Show Cause at 1-2.

On the same day, the Court entered a Minute Order sealing the complaint (Dkt. 1), the *ex*

*parte* motion (Dkt. 2), and the Court's Opinion (Dkt. 4).  *See* April 29, 2015, Minute Order.  The

Court ordered the parties to meet and confer regarding the need to redact Plaintiff's filings, *see*

April 29, 2015, Minute Order, which include personal identifiers (e.g., Social Security numbers,

dates of birth, and financial account numbers) subject to Federal Rule of Civil Procedure 5.2(a)

and Local Civil Rule 5.4(f).  The United States has since notified the Court that it has been

unable fully to comply with this order because Plaintiff refused to provide complete copies of all

his filings, including his *ex parte* motion and the exhibits to his complaint, *see* Dkt. 7 at 2, Dkt. 8

at 2, and that Plaintiff has not yet properly served the complaint on defendants, *see* Dkt. 8 at 1;

*see also* Dkt. 9 at 3, 7.  Accordingly, the Court granted the United States a brief extension of time

to file its response to the Court's order to show cause and directed Plaintiff to ensure that "all his

filings in this matter" are served in accordance with the Federal Rules of Civil Procedure.  *See*

---

[2]  The Court cautioned Plaintiff that his failure to timely respond could be treated as a concession
that this action should be dismissed.  *See* Opinion at 14; *cf. Fox v. Strickland*, 837 F.2d 507 (D.C.
Cir. 1988).

May 21, 2015, Minute Order.  The Court further directed Plaintiff henceforth to redact all filings

containing personal identifiers, *id.*, and to refile redacted versions of his previous filings

containing such information, *id.*, which Plaintiff has not yet done.

In his response to the Court's Order to Show Cause, Plaintiff contends that the Vexatious

Litigant Order is inapplicable to this action.  *See* Dkt. 5 at 4-5.  He then argues that the Tax Anti-

Injunction Act does not bar injunctive relief because (1) the IRS is "estopped" from raising

issues relating to prior tax years, *see* Dkt. 5 at 3 (citing a letter sent by the IRS Taxpayer

Advocate Service to Congressman Henry Waxman on May 22, 2013, *see* Dkt. 2, Ex. B; Compl.

¶ 12), and alternatively, (2) because the levy exceeds 15% of his non-exempt salary and therefore

violates the tax code, *see* Dkt. 5 at 3-4 (citing 26 U.S.C. §§ 6331, 6334).

The United States responded on June 3, 2015.  It urges the Court to dismiss this action

due to Plaintiff's failure to comply with the Vexatious Litigant Order.  *See* Dkt. 9 at 4-7.  It also

argues that Plaintiff has failed to show either that the Tax Anti-Injunction Act does not apply or

that any of the relevant factors weigh in favor of injunctive relief.  *Id.* at 14-15.  The United

States contends that (1) Plaintiff fails to allege a basis for estoppel, *id.* at 11; (2) the relevant

statutory and regulatory provisions do not limit the IRS levy to 15% of Plaintiff's non-exempt

salary, *see id.* at 13; and (3) even if there were some doubt regarding the size of the levy, Plaintiff

cannot demonstrate a certainty of success on the merits, as required to avoid the Tax Anti-

Injunction Act, *id.* at 13.  The United States also indicates that it has not yet been served and

reserves the right to move for dismissal on that basis.  *See* Dkt. 9 at 3 n.1.

Defendant CDCR has yet to enter an appearance or to file anything in this action.

Plaintiff has not filed an affidavit proving service on either Defendant, *see* Fed. R. Civ. P. 4(*l*),

and there is no indication that CDCR has received notice of Plaintiff's *ex parte* motion for

injunctive relief or the Court's Order to Show Cause.

7

## II.  DISCUSSION

There are two questions pending before the Court:  Is the Plaintiff entitled to issuance of a preliminary injunction, and, should the action be dismissed for failure to comply with Vexation Litigant Order?  Because there is no basis to grant a preliminary injunction where an action is subject to dismissal, *see, e.g., Segelstrom v. Citibank*, 2014 U.S. Dist. LEXIS 163398, *44 (D.D.C. Nov. 21, 2014); *Azam v. District of Columbia Taxicab Comm'n*, 46 F. Supp. 3d 38, 52 (D.D.C. June 2, 2014); *Yelverton v. Fox*, 997 F. Supp. 2d 1, 4 n.9 (D.D.C. 2013), the Court will first address the Vexatious Litigant Order.

### A.  The Vexatious Litigant Order

It is well-settled that "'[a] court may dismiss a complaint filed by a vexatious litigant [that violates] an injunctive order entered by another court.'"  *Dantzler v. United States EEOC*, 810 F. Supp. 2d 312, 319 (D.D.C. 2011) (quoting *Stich v. United States*, 1991 U.S. Dist. LEXIS 10508, *1 (S.D.N.Y. July 31, 1991)).  In *Martin-Trigona v. United States*, 779 F.2d 72 (D.C. Cir. 1985) (per curiam), for example, the Court of Appeals held that the United States District Court for the District of Columbia properly denied the plaintiff "leave to file complaints because he had failed to comply with the terms of [a vexatious litigant] injunction issued by the United States District Court for the District of Connecticut."  *Id.* at 73; *see also Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993) (concluding that "district court was within its authority in dismissing" a suit for failure to comply with another jurisdiction's pre-filing injunction, and noting that the pre-filing injunction had been enforced by "various courts around the country").  Here, as noted above, Plaintiff failed to apprise the Court of the Vexatious Litigant Order entered by the United States District Court for the Southern District of California or to comply with its terms prior to filing this action.  The Court, accordingly, ordered Plaintiff to show cause why this

suit should not be dismissed for failure to comply with the Vexatious Litigant Order. *See* Order to Show Cause at 1-2.

Plaintiff's response makes only one argument: that the Vexatious Litigant Order is inapplicable to this action because it is limited to "any new civil action concerning Plaintiff's mother's state probate matter as indicated on lines 2-19 on page 10 of that injunction." *See* Dkt. 5 at 4. That argument is untenable. The very first paragraph of the Vexatious Litigant Order declares, without qualification, that "Plaintiff is enjoined from filing *any* new civil actions in this or *any* other federal court of the United States without first obtaining leave of that court pursuant to the terms of the injunction set forth at the conclusion of this Order." Vexatious Litigant Order at 1-2 (emphases added). The injunction then affirms, again without qualification, that "Robert Volney Justice . . . is enjoined from filing *any* new civil actions in this or *any* other federal court of the United States without first obtaining leave of that court." *Id.* at 10 (emphases added). And the injunction requires that Plaintiff "attach a copy of" the Vexatious Litigant Order "to *any* new actions that he may file in any federal court." *Id.* (emphasis added). Although a separate provision of the injunction bars Plaintiff from filing suit "against any state or federal judge, officer or employee of the judiciary, or private person or entity for actions taken in the court of their official duties in connection with [Plaintiff's] prior litigation without leave of court," *id.*, nothing in that provision limits the scope of the other provisions in the court's order or injunction. The injunction is clear in its command that Plaintiff seek leave of court before filing "any" new civil action in "any" federal court.

Nor can Plaintiff reasonably claim that he misunderstood the scope of the Vexatious Litigant Order. Less than two years ago, Plaintiff filed a complaint in the United States District Court for the Central District of California that—like a portion of the present case—sought a refund for the alleged overpayment of Plaintiff's 2011 taxes. *See Dr. Robert V. Justice v. United*

*States*, No. 13-cv-08503, Dkt. 1 at 1-2 (C.D. Cal. Nov. 18, 2013).  The district court in that case

issued an Order to Show Cause why the action should not be dismissed for failure to comply

with the Vexatious Litigant Order.  *See Justice*, Dkt. 7, 2014 U.S. Dist. LEXIS 16817, *1-2

(C.D. Cal. Feb. 6, 2014).  In response, Plaintiff argued—as he does here—that the Vexatious

Litigant Order was "narrowly drawn to apply only to any new litigation pertaining to the state

probate matter."  Dkt. 8 at 2 (C.D. Cal. Feb. 18, 2014).  In unmistakable terms, the District Court

for the Central District of California held that Plaintiff was "mistaken," and that "[t]he Vexatious

Litigant Order clearly enjoins plaintiff from both (1) '[f]iling *any* new civil actions in [the

Southern District of California] or *any* other federal court of the United States without first

obtaining leave of that court[,]' and (2) '[f]iling any new civil actions in any federal court against

any state or federal judge, officer or employee of the judiciary, or private person or entity for

actions taken in the court of their official duties in connection with Robert Volney Justice's prior

litigation without leave of that federal Court.'"  Dkt. 12 at 2 (C.D. Cal. Feb. 20, 2014)

(alterations and emphases in original).  Although this Court is not bound by that decision, it

agrees entirely:  the Vexatious Litigant Order "clearly" enjoins Plaintiff from filing any new

claim—including a tax claim—in "any . . . federal court" without first complying with the order.

Plaintiff is correct that a panel of the Court of Appeals for the Ninth Circuit upheld the

Vexatious Litigant Order as "narrowly tailored to prevent infringement on [his] right of access to

the courts."  *See* 114 Fed. App'x at 945.  His suggestion that the panel concluded that the order

was "narrowly tailored" because it is limited to new civil suits related to Plaintiff's family

probate matter, however, is incorrect.  Had the panel conditioned its decision upholding the

Vexatious Litigant Order on a modification of the plain terms of the order or on a narrowing

construction of the order, it would have said so.  What it actually said was that the order is

"narrowly tailored" so that it does not infringe on the Plaintiff's "right of access to the courts."

*Id.* Read most naturally, the decision merely recognized—as this Court does as well—that nothing in the Vexatious Litigant Order prevents Plaintiff from filing non-frivolous claims in federal court; it merely requires that he follow specified procedures and obtain leave of court before doing so.

Plaintiff argues that under the "mandate rule," this Court is bound by his interpretation of the decision of the Court of Appeals for the Ninth Circuit. *See* Dkt. 5 at 5-6. That contention is both wrong and beside the point. It is incorrect that district courts are generally bound by the decisions from courts of appeals from other circuits. *See Northwest Forest Res. Council v. Dombeck*, 107 F.3d 897, 900 (D.C. Cir. 1997). Plaintiff, however, *is* "barred from challenging the terms of the [Southern District of California's] injunction [before this Court] by the doctrine of claim preclusion." *Martin-Trigona*, 779 F.2d at 73. Here, both the Vexatious Litigant Order and the Ninth Circuit decision upholding that order are binding on Plaintiff, and they require that he comply with the order before filing suit in any federal court.

To the extent Plaintiff is suggesting that the Vexatious Litigant Order should not apply in this action, that argument also fails. First, any request for dissolution or modification of the Vexatious Litigant Order should be brought before the court that entered the order. *See Martin-Trigona*, 779 F.2d at 73. Plaintiff did, in fact, request that the United States District Court for the Southern District of California dissolve its order. *See* 2007 U.S. Dist. LEXIS 69289. That court denied the request, *id.* at *2, and the Ninth Circuit affirmed, 341 Fed. App'x at 295. Plaintiff should not be allowed to circumvent the court that issued the order by asking this Court to narrow the order or decline to enforce it.

Second, Plaintiff does not cite any case law demonstrating that the Vexatious Litigant Order, in its present form, is inappropriate. The district court that entered the order applied the standard in *De Long v. Henessey*, 912 F.2d 1144 (9th Cir. 1990), which is almost identical to the

standard for entering a vexatious litigant order in this circuit, *see In re Powell*, 851 F.2d at 430-434; *In re Green*, 669 F.2d 779 (D.C. Cir. 1981) (per curiam).  Indeed, *De Long* repeatedly cited and relied upon precedent from this Circuit.  Like precedents from this Circuit, *De Long* requires that a court (1) provide a *pro se* litigant with notice and an opportunity to oppose, 912 F.2d at 1147; (2) create an "adequate record for review" that shows that the litigant's activities are "at the least . . . numerous or abusive," *id.* at 1147-48; (3) make "'substantive findings as to the frivolous or harassing nature of the litigant's actions,'" *id.* at 1148 (quoting *In re Powell*, 851 F.2d at 431); and (4) narrowly tailor the order "to closely fit the specific vice encountered," *id.* The district court applied this standard, and its decision was affirmed on appeal.  *See* 114 Fed. App'x at 945.  Although the scope of the order is admittedly broad, the Court of Appeals for this Circuit has entered at least one vexatious litigant order of similar scope.  *See Urban v. United Nations*, 768 F.2d 1497, 1498 (D.C. Cir. 1985) (per curiam) (enjoining serial *pro se* litigant "from filing any civil action in this or any other federal court of the United States without first obtaining leave of that court" and certifying that specified requirements have been satisfied).  Plaintiff offers no reason why this Court should decline to enforce the order.

Because Plaintiff has failed to show cause why he should be excused from complying with the terms of the Vexatious Litigant Order, the Court must consider what remedy is appropriate.  Two competing considerations inform the Court's decision.  First, there is a strong policy in favor of affording *pro se* litigants, like all litigants, "free access to the federal courts." *See In re Powell*, 851 F.2d at 434.  Yet, at the same time, "the court has an obligation to protect 'the orderly and expeditious administration of justice,'" *id.* at 430 (quoting *Urban*, 768 F.2d at 1500), and to ensure that litigants are "not . . . allowed to intentionally circumvent the spirit and intent of an injunction barring future filings by simply filing a new complaint in another court or jurisdiction," *Dantzler*, 810 F. Supp. 2d at 319.  Here, Plaintiff failed to bring the Vexatious

Litigant Order to the Court's attention and sought an *ex parte* temporary restraining order without providing notice to either defendant.  Plaintiff has also failed to comply with at least one of this Court's orders, which required him to refile redacted copies of documents containing personal identifiers, *see* May 21, 2015, Minute Order, and he has yet to provide any evidence to indicate that he has complied with the Court's order requiring that he serve all pleadings on both defendants, *see id*.  Finally, the Court notes that requiring compliance with the Vexatious Litigant Order is not a mere formality.  The Court, for example, needs to know whether Plaintiff has previously sought to litigate the same issues presented in this case,[3] and the Court believes that requiring that Plaintiff certify that his complaint is well-grounded in fact and law, and that he will comply with the federal and local rules of civil procedure, would be beneficial.

On balance, the Court concludes that the action should be dismissed for failure to comply with the Vexatious Litigant Order, but that, at this time, the dismissal should be without prejudice.  The Plaintiff is admonished, however, that any further failures to comply with the orders of this Court or the Vexatious Litigant Order may result in the dismissal of a future action with prejudice.

## B. Preliminary Injunction

Having concluded that the action should be dismissed, the Court need not address whether Plaintiff has satisfied the four-factor test for issuance of a preliminary injunction.  *See Winter v. Nat'l Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (describing test).  "The purpose

---

[3]  Although the Vexatious Litigant Order requires that Plaintiff certify that "the complaint raises a new issue which has never been raised previously by him in either a state or federal court," Vexatious Litigant Order at 11, Plaintiff might well be entitled to pursue a claim previously raised if the prior litigation did not result in a preclusive judgment or order.  The question of the preclusive effect of any prior litigation, however, would need to be addressed in the context of the relevant circumstances set forth in the required certification and, if raised, in the parties' briefs on the issue.

of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). In the absence of a pending claim for relief, there is no basis for the Court to issue an order designed to maintain the status quo while the merits of the dispute are resolved. *Cf. Venezia v. Robinson*, 16 F.3d 209, 211 (7th Cir. 1994) ("A preliminary injunction cannot survive the dismissal of a complaint."). Accordingly, Plaintiff's motion for a preliminary injunction must be denied as moot. *See, e.g.*, *Segelstrom*, 2014 U.S. Dist. LEXIS 163398 at *44; *Azam*, 46 F. Supp. 3d at 52.

The Court notes, however, that even if it were to reach the merits of Plaintiff's motion for a preliminary injunction, it would conclude that Plaintiff has failed to carry his burden. In denying Plaintiff's motion for a temporary restraining order, *see* Opinion at 14, the Court concluded that Plaintiff had failed to satisfy any of the four factors for issuance of a temporary restraining order or preliminary injunction and had also failed to satisfy the "judicial exception" to the Tax Anti-Injunction Act, 26 U.S.C. § 7421, *see* Opinion at 8-13. The Court nonetheless granted "Plaintiff an opportunity to make a further showing of entitlement to interim relief." Opinion at 14.

Plaintiff's response, with one exception, adds nothing to his prior filings. He says nothing further about irreparable injury, the balance of harms, or the public interest, and he simply repeats his contention, which the Court previously rejected, that the IRS is estopped from seeking payment for tax deficiencies for tax years 1999, 2001, and 2010 because of a letter that it sent to Congressman Waxman in May 2013 addressing why Plaintiff's 2011 tax return was "deemed frivolous." *See* Dkt. 5 at 2-3; *see also* Opinion at 9-11.

The one new argument that Plaintiff makes is that the IRS levy at issue in this case is illegal because it exceeds 15% of Plaintiff's non-exempt salary. *See* Dkt. 5 at 3. That contention is based on 26 U.S.C. § 6331(h), which authorizes the IRS to impose a "[c]ontinuing levy on

14

certain payments," but adds that "such continuous levy shall attach to up to 15 percent of any specified payment due to the taxpayer."  26 U.S.C. § 6331(h)(2).  Plaintiff ignores, however, 26 U.S.C. §§ 6331(a), which authorizes the IRS to collect unpaid taxes "by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to [the taxpayer],"[4] and 26 U.S.C. § 6331(e), which provides that "[t[he effect of a levy on salary or wages . . . shall be continuous from the date such levy is first made until such levy is released . . . ."  The question, then, is whether the IRS is entitled to levy Plaintiff's salary on a continuous basis under sections 6331(a) and (e), independent of any authority or limitations contained in section 6331(h).

The IRS points to precedent supporting the conclusion that section 6331(h) does not limit the authority otherwise granted to the IRS to levy, but rather "'expand[s] the rights of the IRS to levy amounts previously exempt from levy.'"  *Hines v. United States*, 658 F. Supp. 2d 139, 146-47 (D.D.C. 2009) (citation omitted).  Plaintiff neither addresses these decisions nor cites any authority to support his reading of the tax code.  In any event, the Court need not decide whether section 6331(h) might arguably limit the IRS' authority to levy under sections 6331(a) and (e), because to obtain an anti-tax injunction, the Plaintiff must demonstrate that he has a "certainty of success on the merits," *Bob Jones Univ. v. Simon*, 461 U.S. 725, 737 (1974), and Plaintiff does not come close to meeting that demanding test.  Indeed, the Court of Appeals for the Seventh Circuit recently rejected an argument much like the one Plaintiff raises here.  *See Bowers v. United States*, 498 F. App'x 623, 627 (7th Cir. 2012) (unpublished order).  The plaintiff in that

---

[4]  Section 6334 specifies a "[m]inimum exemption for wages, salary, and other income."  26 U.S.C. §§ 6334(a)(9).  The "exempt amount" is based on a proportionate amount of the "sum of (i) the standard deduction, and (ii) the aggregate amount of the deductions for personal exemptions allowed the taxpayer under [26 U.S.C. § 151] in the taxable year in which such levy occurs."  26 U.S.C. §§ 6334(d)(2).

case sought to enjoin a levy on his Social Security benefits, which he argued violated the 15% cap in section 6331(h). *Bowers*, 498 F. App'x at 625. The Court of Appeals for the Seventh Circuit concluded that injunctive relief was barred by the Tax Anti-Injunction Act, explaining that "[s]uccess is not 'certain' because at least four federal district courts (beyond the one in this case) have already ruled that the 15% cap of § 6331(h) does not diminish the IRS' power to levy 100% of assets under 6331(a)." *Bowers*, 498 F. App'x at 627.

This Court agrees that, in these circumstances, success is not certain and thus concludes that, if it were necessary to reach the merits of Plaintiff's motion for a preliminary injunction, it would deny the motion.

### III. CONCLUSION

As discussed above, Plaintiff has failed to show cause why this action should not be dismissed for lack of compliance with the Vexatious Litigant Order entered by the United States District Court for the Southern District of California.

The action is, accordingly, **DISMISSED WITHOUT PREJUDICE**.

It is further ordered that Plaintiff's motion for a preliminary injunction is **DENIED AS MOOT**.

An appropriate Order accompanies this Memorandum Opinion.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: June 16, 2015